UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derek LeRon Bishop, Sr.,

                Petitioner,        Case No. 19-cv-10960

v.                                        Judith E. Levy
                                            United States District Judge

M. McCullick,

                                            Mag. Judge Elizabeth A. Stafford

                Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [7], DENYING CERTIFICATE OF APPEALABILITY AND GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      Petitioner Derek LeRon Bishop, Sr., a Michigan prisoner, is serving a term of nine to forty years' imprisonment for an armed robbery conviction. He seeks habeas corpus relief under 28 U.S.C. § 2254 on the grounds that the trial court incorrectly scored the state sentencing guidelines and that he was not sentenced in accordance with the plea agreement.

      Respondent has filed a motion to dismiss the petition on the ground that it was not timely filed. Bishop filed a letter in response to the motion.

(ECF No. 10.) For the reasons set forth below, the Court grants Respondent's motion to dismiss, denies a certificate of appealability, and grants permission to proceed *in forma pauperis* on appeal.

## I. Background

In 2003, Bishop pleaded guilty in Berrien County Circuit Court to armed robbery, Mich. Comp. Laws § 750.529, in exchange for dismissal of multiple other counts, a habitual offender notice, and charges in two other cases. (ECF No. 8-5, PageID.5, 8.) Also under the plea agreement, the prosecutor would recommend that Bishop be sentenced at the low end of the guidelines in return for Bishop's cooperation in another investigation. (*Id.* at PageID.9.) At the sentencing hearing, Bishop's sentencing guidelines range was determined to be 108 to 180 months on the minimum end. (ECF No. 8-6, PageID.106.) On September 23, 2013, Bishop was sentenced to 108 to 180 months' imprisonment. (*Id.* at PageID.115.)

Bishop did not file an application or delayed application for leave to appeal in the Michigan Court of Appeals.[1] Instead, on July 19, 2016,

---

[1] The trial court denied Bishop's request for appointment of appellate counsel because it was not timely filed. (ECF No. 8-1, PageID.66.)

2

he filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 1/3/2017 Op. & Ord., *People v. Bishop*, No. 2013-015338 (Berrien County Cir. Ct. Jan. 3, 2017) (ECF No. 8-8, PageID.146-52). The Michigan Court of Appeals denied leave to appeal. *People v. Bishop*, No. 339124 (Mich. Ct. App. Oct. 27, 2017). The Michigan Supreme Court also denied leave to appeal. *People v. Bishop*, 503 Mich. 872 (Mich. Oct. 2, 2018).

Bishop filed this habeas corpus petition on March 18, 2019. Respondent seeks to dismiss the petition because it was not timely filed. Bishop filed a letter in response.

**II. Analysis**

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered

3

new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Bishop is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the petition was not timely filed. Bishop was sentenced on September 23, 2013. Because he did not pursue a direct appeal of his conviction in the state courts, his conviction became final when the time expired for filing a delayed application for leave to appeal with the Michigan Court of Appeals. *See Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [state] Supreme Court, his judgment became final at the expiration of the time for pursuing direct review in state court."). In the state of Michigan, a defendant must file a delayed leave application within six months of the appealable order, which would have required Bishop to file by March 23,

2014. *See* Mich. Ct. R. 7.205(G)(3). The one-year habeas limitations period commenced the following day, and expired one year later on March 24, 2015. *See* 28 U.S.C. § 2254(d).

Bishop signed and dated his petition on March 18, 2019, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the petition was filed approximately three years after the limitations period expired. Bishop's filing of a motion for relief from judgment on July 19, 2016 does not render the petition timely because the filing of a state-court motion for collateral review tolls a limitations period that has not yet expired; it does not start the limitations period anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Absent equitable tolling, the petition is time barred.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently,

5

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

In his petition, Bishop states that he did not understand the one-year limitations period and that trial counsel told him not to upset the prosecutor by filing a direct appeal. (ECF No. 1, PageID.13-14.) Bishop's ignorance of the law does not qualify as an "extraordinary circumstance." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (noting that the prisoner's "pro se status and lack of knowledge of the law [were] not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (stating that "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). Bishop's argument that his trial attorney told him not to appeal also does not warrant equitable tolling of the limitations period.

His argument addresses only his lack of a state-court direct appeal; it does not address Bishop's untimely habeas petition in federal court. Further, it does not explain why he waited two years to file a motion for relief from judgment in the trial court or four months to file his habeas petition after the state collateral proceedings ended.

In his letter-motion responding to the motion to dismiss, Bishop again professes his ignorance of the law. As stated, this does not state a valid basis for equitable tolling. He also raises arguments in support of the claims raised in his petition. These arguments fail to address the timeliness of the petition or assert a valid basis for equitable tolling. The remainder of Bishop's letter focuses on his personal journey while incarcerated. He admits responsibility for his crime and that he has not always been a model prisoner. He details ways in which he has tried to improve himself in recent years. This is admirable, and the Court encourages Bishop to continue working toward his goals, but these factors do not influence the equitable tolling analysis or excuse the late filing.

Bishop has failed to show that he was diligent in pursuing his rights and that some extraordinary circumstance stood in his way of filing a

timely habeas petition. Therefore, he is not entitled to equitable tolling of the limitations period.

### III. Certificate of Appealability and Pauper Status on Appeal

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Section 2253(c)(2) is satisfied only if reasonable jurists could find either that the district court's assessment is debatable or wrong or that the issues presented deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

For the reasons set forth above, reasonable jurists could not find this Court's assessment of Petitioner's claims to be debatable or wrong. Nor would reasonable jurists conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Millender v.*

*Adams*, 187 F. Supp.2d 852, 880 (E.D. Mich. 2002). Consequently, Petitioner is not entitled to a certificate of appealability.

If Petitioner chooses to appeal the Court's decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## IV. Conclusion

For the reasons stated, Respondent's Motion to Dismiss (ECF No. 7) is GRANTED. The petition (ECF No. 1) is DISMISSED.

IT IS SO ORDERED.

Dated: August 14, 2020       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2020.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager